UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-81149-CV-CANNON/MCCABE

YOLANDA HERNANDEZ,

    Plaintiff,

v.

CAREERSOURCE PALM
BEACH COUNTY, INC.,

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss ("Motion") (DE 4) which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 9). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

**I.**    **BACKGROUND**

On April 13, 2022, Plaintiff filed a charge of discrimination ("EEOC Charge") with the Equal Employment Opportunity Commission ("EEOC") against "Palm Beach Workforce Dev" ("Palm Beach Workforce") (DE 1 ¶ 6, DE 4-1). The EEOC Charge alleged that Palm Beach Workforce terminated Plaintiff due to rumors that she was having an affair with the company's former CEO (DE 4-1, DE 7-1). The EEOC Charge further alleged that "gender played a role in [her] termination" because "no male would be terminated" based on similar rumors of an affair (DE 4-1). The EEOC issued a Right to Sue on June 28, 2022 (DE 1 ¶ 6).

On July 29, 2022, Plaintiff filed this Complaint alleging a single count of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") against CareerSource Palm Beach, Inc. ("CareerSource"), but not against Palm Beach Workforce (DE 1). The Complaint alleges the following facts, which the Court accepts as true.

Plaintiff, a female, worked for CareerSource from July of 2016 until July 13, 2021 (DE 1 ¶¶ 1, 2, 9). Plaintiff performed her job as a Program Manager in a satisfactory manner (DE 1 ¶¶ 9-10). Despite this, CareerSource terminated her because "the former wife of the organization's former leader became convinced Plaintiff was in a relationship with her former husband" (DE 1 ¶ 11). The former wife "told her female friends in the organization that Plaintiff was having an affair and organized efforts to fire Plaintiff" (DE 1 ¶ 12). Plaintiff alleges she was "terminated as a result of this campaign against her and thus she was discriminated against on account of her sex" (DE 1 ¶ 13). The Complaint alleges that CareerSource claimed, as a pretext, that Plaintiff's position was eliminated (DE 1 ¶¶ 17, 19).

Plaintiff also alleges she "was subjected to a work environment ridiculed with sexual innuendo and suggestion at the hands of an influential female manager and her colleagues whom she gathered to bully, mob, and harass" Plaintiff (DE 1 ¶ 15). This "created a workplace that was objectively and subjectively hostile to her because of her gender" (DE 1 ¶ 16).

II.     **LEGAL STANDARD**

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### III.   DISCUSSION

CareerSource moves to dismiss the Complaint on two grounds: (A) failure to exhaust administrative remedies, and (B) failure to state a claim upon which relief can be granted (DE 4).  The Court will address each in turn.

#### A.   Failure to Exhaust Administrative Remedies

Prior to bringing a claim under Title VII, a plaintiff must "exhaust certain administrative remedies."  *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002).  "The administrative process is initiated by timely filing a charge of discrimination."  *Id.*  In this case, Plaintiff filed the EEOC Charge on April 13, 2022, which CareerSource has attached as an exhibit to this Motion (DE 4-1).  A court may consider an exhibit attached to a motion to dismiss where, as here, the Complaint refers to the EEOC action, EEOC exhaustion is central to the viability of the claim, and the authenticity of the EEOC Charge is not in dispute.  *See, e.g.*, *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018); *Pierre v. Park Hotels & Resort, Inc.*, No. 17-CV-21955, 2017 WL 4408972, *1 n.2 (S.D. Fla. Oct. 4, 2017).

CareerSource argues Plaintiff failed to exhaust her administrative remedies because the EEOC Charge named Palm Beach Workforce as the respondent, rather than CareerSource.  Both parties, in their respective papers in support of and in opposition to this Motion, have attached various documents attempting to explain the corporate relationship between these two entities (DE

3

7-1, DE 7-2, DE 8-1). The Court has not considered these documents in ruling on this Motion. Rather, based upon the mere fact that the Complaint names CareerSource, but the EEOC Charge named Palm Beach Workforce, the undersigned recommends dismissal without prejudice. To the extent Plaintiff amends the Complaint, Plaintiff should "carefully consider whether she has sued the correct defendant" and, if necessary, include allegations necessary to explain the corporate relationship between the entities and the viability of a claim against CareerSource. *Cf. Innocent v. Palm Beach Cnty. Workforce Dev. Consortium*, No. 21-CV-80623, 2021 WL 7082830, at *1 (S.D. Fla. Oct. 22, 2021) (dismissing complaint for failure to name the proper defendant after previously granting leave to amend and cautioning plaintiff to name the proper defendant).

      **B.**      **Failure to State a Claim**

The Court also finds Plaintiff fails to state a claim upon which relief can be granted. Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff may prevail on [a] Title VII claim by proving that discrimination was a motivating factor in the employment decision, which the plaintiff may accomplish by offering either direct or circumstantial evidence." *Harapeti v. CBS Television Stations, Inc.*, No. 20-CV-22995, 2022 WL 4357993, at *4 (S.D. Fla. July 29, 2022), *R. & R. adopted*, 2022 WL 4355768 (S.D. Fla. Sept. 20, 2022) (cleaned up).

Here, the Complaint fails to make specific, plausible allegations that gender discrimination played a "motivating factor" in the decision to terminate her. In this regard, Plaintiff's supervisors may well have disapproved of her romantic relationship with the company's former CEO, they may have been sympathetic to the ex-wife, and they may have terminated Plaintiff for this very reason. But "[p]ersonal animosity is not the equivalent of sex discrimination" and a plaintiff "cannot turn a personal feud into a sex discrimination case." *See Succar v. Dade Cnty. Sch. Bd.*,

229 F.3d 1343, 1345 (11th Cir. 2000) (cleaned up). Title VII "does not provide a cause of action for employees who are exposed to harassment that has no reference to race, sex or national origin." *St. Hilaire v. Pep Boys*, 73 F. Supp. 2d 1350, 1364 (S.D. Fla. 1999) (citation omitted). Moreover, the Complaint is unclear as to who made the decision to terminate Plaintiff, the exact relationship between that person and the former CEO's ex-wife, and how the rumors of the extramarital affair caused the adverse employment action.

Absent direct evidence of discrimination, courts analyze Title VII claims using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, to make out a *prima facie* case of gender or sex discrimination, a plaintiff must allege: (1) that she belongs to a protected class; (2) that she was qualified to perform her job; (3) that she was subjected to an adverse employment action; and (4) that her employer treated similarly situated employees, who were not members of the protected class, more favorably. *Id.*

Here, the Complaint fails to allege facts to show element (4) of a *prima facie* case of gender discrimination. Specifically, Plaintiff has not alleged that similarly situated male employees have been subject to similar rumors of extramarital affairs within the company and have been treated more favorably than Plaintiff was treated. *See Candina v. Univ. of Miami*, 185 F. Supp. 3d 1343, 1351 (S.D. Fla. 2015) (dismissing Title VII gender discrimination complaint because "[p]laintiff has not claimed that she was treated differently than similarly situated males, or based solely on the fact that she is female"); *Veale v. Fla. Dep't of Health*, No. 2:13-CV-77-FTM-38UAM, 2013 WL 5703577, at *5 (M.D. Fla. July 29, 2013) (dismissing gender discrimination complaint that "simply stated that there were other employees that were similarly situated, outside her protected class, who received more favorable treatment" holding that "[s]uch a recitation, without any

allegations of specific facts to explain how the disparate treatment occurred to even give rise to an inference of discrimination, is insufficient").

In addition, Plaintiff alleges she was "marginalized," and "excluded from social interaction," and that CareerSource "did not comply with the provisions of the Older Workers Benefits Protection Act" (DE 1 ¶¶ 15, 17). To the extent Plaintiff attempts to allege a hostile work environment or age discrimination claim, she has impermissibly combined these claims with her unlawful termination claim, resulting in a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (discussing and collecting cases of the various types of shotgun pleadings, including failing to separate different counts, causes of action, or claims for relief); *see also Drisin v. Fla. Int'l Univ. Bd. of Trs.*, 1:16-CIV-24939, 2018 WL 4905646, at *7 (S.D. Fla. Jan. 10, 2018), *R. & R. adopted*, 2018 WL 4905645 (S.D. Fla. May 15, 2018) ("A claim alleging hostile work environment is a separate and distinct theory of liability with different elements of proof.") (cleaned up). To the extent Plaintiff wishes to allege claims based on distinct legal theories, she must allege separate and distinct counts.

## IV.    RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 4) be **GRANTED**. Because Plaintiff may be able to plead additional facts to cure these pleading deficiencies, the undersigned further **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to file an Amended Complaint.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 28th day of October 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE