UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-81149-Cannon/McCabe

YOLANDA HERNANDEZ,

     Plaintiff,

v.

CAREERSOURCE PALM
BEACH COUNTY, INC., and PALM
BEACH WORKFORCE DEVELOPMENT
CONSORTIUM,

     Defendants.

_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice ("Motion") (DE 17), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 18).  For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 17) be **GRANTED**.

## I.     BACKGROUND

This is a sex discrimination case.  On January 30, 2023, the District Court accepted the undersigned's recommendation that a previous version of the complaint be dismissed without prejudice (DE 13).  In adopting that recommendation, the District Court warned that Plaintiff would be given "one final opportunity to cure the pleading deficiencies set forth in the [Report and Recommendation]" (DE 13).  Thereafter, Plaintiff filed an Amended Complaint (DE 14), alleging the following facts, which the Court accepts as true.

Plaintiff, a female, worked for the Defendants as a Program Manager from July of 2016 until July 13, 2021 (DE 14 ¶¶ 1, 14, 15).  At all relevant times, Plaintiff performed her job in a satisfactory manner (DE 14 ¶ 16).  Despite this, in July 2021, Defendants terminated Plaintiff

based on her gender (DE 14 ¶¶ 15, 21). Specifically, Plaintiff alleges that "the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former husband" and that Defendants terminated Plaintiff due to this rumor of an extramarital affair (DE 14 ¶¶ 17, 20). In contrast, Plaintiff alleges that numerous "male executives" had been suspected of, or had engaged in, extramarital affairs in the past, but they were never terminated, thus receiving more favorable treatment based on their gender (DE 14 ¶ 17). Plaintiff alleges that Defendants claimed her position was eliminated, but this was a mere pretext for the true basis of her discharge, namely, sex discrimination (DE 14 ¶¶ 21, 25, 27).

This Motion followed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   DISCUSSION

Defendants argue the Amended Complaint should be dismissed for two reasons: (A) the rule against shotgun pleadings, and (B) failure to state a claim. The Court will address each argument in turn.

### A.      Shotgun Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count."  Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings."  *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both.").  Shotgun pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Ctny. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Shotgun pleadings commonly suffer from one or more of the following deficiencies:

(1)      they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, amd leaving the last count to be a combination of the entire complaint;

(2)      they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

(3)      they do not separate each cause of action into a different count; and

(4)      they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

The Court has reviewed the Amended Complaint here and finds it to be a shotgun pleading. The Amended Complaint alleges a single count, titled "Violation of Title VII *and* the FCRA – General Discrimination" (DE 14 at 4) (emphasis added).  "Title VII" presumably refers Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) ("Title VII"), while "FCRA" presumably refers to the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 ("FCRA").  Claims

under Title VII and the FCRA cannot be combined into a single count, as explained by another court in this district:

> Although the FCRA is substantially similar to the relevant parts of Title VII, they are not identical. Therefore, it would be possible for a jury to find the Defendant liable under one statute but not under the other. Hence, allegations arising from separate statutory authority should be contained in separate counts.

*Patsalides v. City of Fort Pierce*, No. 15-14431-CIV, 2016 WL 11503007, at *2 (S.D. Fla. Aug. 12, 2016); *see also Bialek v. Delvista Towers Condo. Ass'n, Inc.*, 994 F. Supp. 2d 1277, 1281 (S.D. Fla. 2014) (dismissing complaint for combining Title VII and FCRA claims into single count).

In addition, the Amended Complaint simultaneously refers to multiple theories of discrimination combined in a single count, including disparate treatment (DE 14 ¶ 23), hostile work environment (DE 14 ¶ 24), and age discrimination via an alleged violation of the Older Workers Benefits Protection Act (DE 14 ¶ 25). Separate legal theories of discrimination must be separated into different counts. *See Elliot v. Cleanwrx, Inc.*, No. 19-24250-CIV, 2019 WL 6769742, at *1 (S.D. Fla. Dec. 12, 2019) (finding a shotgun pleading where the "parties are referring to and conflating at least three different claims for relief" under one count of discrimination). For this reason as well, the Amended Complaint constitutes a shotgun pleading and should be dismissed.

### B.      Failure to State a Claim

The Court also finds the Amended Complaint fails to state a claim upon which relief can be granted for Title VII sex discrimination. As noted in the previous Report and Recommendation (DE 10), to prevail in a Title VII case, a plaintiff must show that discrimination played a "motivating factor" in the adverse employment action at issue. *See Harapeti v. CBS Television Stations, Inc.*, No. 20-CV-22995, 2022 WL 4357993, at *4 (S.D. Fla. July 29, 2022), *R. & R. adopted*, 2022 WL 4355768 (S.D. Fla. Sept. 20, 2022). The Court has reviewed the Amended

Complaint and finds that it continues to fail to make specific, plausible allegations that sex discrimination played a "motivating factor" in the decision to terminate her.

In particular, Plaintiff alleges she was "terminated because the former wife of the organization's former leader became convinced that Plaintiff was in a relationship with her former husband" (DE 14 ¶ 17).  The Amended Complaint remains unclear as to how or why the "former wife" of the "former leader" had any sway or influence over employment decisions at Defendants' place of business.  Taken as a whole, the Amended Complaint seems to allege that Defendants' new leadership terminated her based on personal animus arising from rumors of an affair with the former leadership.  As previously explained, however, "[p]ersonal animosity is not the equivalent of sex discrimination" and a plaintiff "cannot turn a personal feud into a sex discrimination case." *See Succar v. Dade Cnty. Sch. Bd.*, 229 F.3d 1343, 1345 (11th Cir. 2000) (cleaned up).

To overcome this hurdle, Plaintiff attempts to allege a circumstantial disparate impact case based on the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under the *McDonnell Douglas* framework, to make out a prima facie case of gender discrimination, a plaintiff must allege:  (1) that she belongs to a protected class; (2) that she was qualified to perform her job; (3) that she was subjected to an adverse employment action; and (4) that her employer treated similarly situated employees, who were not members of the protected class, more favorably.  *Id.*

As to element (4), a Title VII plaintiff must identify a comparator who is similarly situated "in all relevant respects."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004), *abrogated on other grounds, Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019). This means the comparator must be "nearly identical" to the plaintiff to "prevent courts from second-guessing a reasonable decision by the employer."  *Id.*  "This would require, for example, allegations that plaintiff and [her] proffered comparators have the same employment history, work

responsibilities, and superiors." *Brookshire v. GMR Mktg. LLC*, No. 22-CV-80756, 2022 WL 4124302, at *5 (S.D. Fla. Aug. 17, 2022), *R. & R. adopted*, 2022 WL 4119729 (S.D. Fla. Sept. 9, 2022) (cleaned up); *see also Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 794 (11th Cir. 2011) ("[T]he district court did not err by rejecting [plaintiff's] comparators on the basis of material differences in rank, responsibilities, and supervisors.").

Here, the Amended Complaint identifies two comparators:  (1) an unnamed male Vice President who was discovered having sex in a conference room with a subordinate yet was not terminated (DE 14 ¶ 18); and (2) an unnamed male Chief Operating Officer who was rumored to be having an affair with a subordinate yet was not terminated (DE 14 ¶ 19).

The Court finds these comparators differ from Plaintiff in at least two material respects. First, the comparators held executive titles of Vice President and Chief Operating Officer, whereas Plaintiff held a middle management title of Program Manager.  Second, the comparators engaged in affairs with subordinates, whereas Plaintiff allegedly engaged in an affair with the former leader of the organization.  The new leadership may well have had legitimate business reasons – unrelated to sex discrimination – to terminate an employee who was rumored to have had an affair with the former leadership.  This factor distinguishes the two comparators.

Because the Amended Complaint fails to identify similarly situated comparators who were "nearly identical" to Plaintiff, the Court finds the Amended Complaint should be dismissed. *See Henderson v. Dade Cnty. Police Benev. Ass'n, Inc.*, No. 14-cv-20321, 2014 WL 3591600, at *7 (S.D. Fla. July 18, 2014) (dismissing complaint because "plaintiff has not alleged how each [comparator] is 'nearly identical' to the plaintiff, or how they are similarly-situated 'in all relevant aspects'"); *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1355–56 (N.D. Ga. 2017) (dismissing complaint because plaintiff failed to allege his comparators "had similar levels of

experience or education," had "similar levels of seniority," or received similar performance evaluations).

## IV.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 17) be **GRANTED**.  The undersigned further **RECOMMENDS** that the dismissal be with prejudice, as Plaintiff had a previous opportunity to amend her complaint.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of May 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE