UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81149-CIV-CANNON/McCabe

YOLANDA HERNANDEZ,

    Plaintiff,
v.

CAREERSOURCE PALM BEACH
COUNTY, INC. and
PALM BEACH WORKFORCE
DEVELOPMENT CONSORTIUM,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 24]**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss the Amended Complaint (the "Report") [ECF No. 24], issued on May 4, 2023. On March 17, 2023, Defendants filed a Motion to Dismiss the Amended Complaint (the "Motion") [ECF No. 17]. On May 4, 2023, following referral, Judge McCabe issued a Report recommending that the Motion be granted [ECF No. 24 pp. 1, 7]. Plaintiff filed Objections to the Report [ECF No. 25], and Defendants filed a Response to Plaintiff's Objections [ECF No. 26]. The Court has reviewed the Report [ECF No. 24], Plaintiff's Objections [ECF No. 25], Defendants' Response to Plaintiff's Objections [ECF No. 26], the full record, and is otherwise fully advised. For the reasons set forth herein, the Report [ECF No. 24] is **ACCEPTED**; Defendants' Motion to Dismiss [ECF No. 17] is **GRANTED**.

**RELEVANT BACKGROUND**

The Court assumes familiarity with the factual and procedural background of this case as set forth in the Report [ECF No. 24 pp. 1–2] but provides the following summary for context. On

July 29, 2022, Plaintiff filed an initial Complaint against Defendants for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 [ECF No. 1]. Defendants then filed an initial Motion to Dismiss the Complaint [ECF No. 4]. The Court referred the motion to Magistrate Judge Ryon M. McCabe for a Report and Recommendation, which the Court subsequently accepted because the Complaint failed to allege an essential element of a *prima facie* case of gender discrimination and impermissibly combined legal theories, among other reasons [ECF Nos. 6, 10, 13]. The Court granted Plaintiff "one final opportunity to cure the pleading deficiencies set forth in the Report" and file an amended complaint [ECF No. 13 p. 2].

Plaintiff filed an Amended Complaint on February 6, 2023 [ECF No. 14]. Plaintiff's single-count Amended Complaint for sex discrimination alleges that the ex-wife of the former CEO of Defendants became convinced that Plaintiff was in a relationship with the former CEO and terminated Plaintiff from her position at the company due to this rumor of the extramarital affair [ECF No. 14 ¶¶ 17, 20, 21]. Specifically, Plaintiff alleges that she "was subjected to discrimination because of her gender in that she was treated differently than male executives thought to be having affairs" [ECF No. 14 ¶ 23]. To support this point, Plaintiff provides two comparators that she alleges were treated more favorably than her: (1) a male Vice President who was discovered having sex with a subordinate and was not terminated; and (2) a Chief Operating Officer who was rumored to be having an affair with a subordinate and was not terminated [ECF No. 14 ¶¶ 18–19]. Further, Plaintiff alleges that Defendants' claim that her position at the company was eliminated is merely a pretext for sex discrimination [ECF No. 14 ¶¶ 21, 25, 27].

Defendants thereafter filed a Motion to Dismiss the Amended Complaint [ECF No. 17], which the Court referred to Judge McCabe for a Report and Recommendation [ECF No. 18]. The Report, issued on May 4, 2023, recommends dismissal with prejudice of Plaintiff's Amended Complaint and is ripe for adjudication [ECF Nos. 14, 24–26].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Court has conducted a *de novo* review of the Report [ECF No. 24], Plaintiff's Objections [ECF No. 25], Defendants' Response [ECF No. 26], and the full record in this case. Upon review of the foregoing materials, including Plaintiff's Objections, the Court finds Judge McCabe's Report to be well-reasoned and correct for the reasons set forth below.

The Report recommends that the Court grant Defendants' Motion to Dismiss for two reasons, both of which Plaintiff challenges [ECF No. 24 pp. 3–6]. First, the Report determines that the Amended Complaint is a shotgun pleading because Plaintiff refers to multiple theories of discrimination in a single count, merging her claims for violations of Title VII and the Florida Civil Rights Act ("FCRA") into a single count [ECF No. 24 pp. 3–4]. Plaintiff disagrees, arguing that merging a claim pursuant to Title VII and the FCRA into one count does not run afoul of the rules against shotgun pleadings because both claims allege discrimination on the basis of gender

3

[ECF No. 25 pp. 4–5]. Second, the Report concludes that Plaintiff does not identify a similarly situated comparator treated more favorably than Plaintiff, as required by *McDonnell Douglas* to set forth a prima facie case for sex discrimination using circumstantial evidence [ECF No. 24 pp. 5–6 (quoting *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004), *abrogated on other grounds*, *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019))]. In response to that determination, Plaintiff contends that she identified managerial employees like her and thus identified sufficiently similar comparators as required by law [ECF No. 25 pp. 2–4].

The Court is unpersuaded by Plaintiff's arguments.

First, the Court agrees with the Report that Plaintiff's Amended Complaint is a shotgun pleading. Plaintiff's contention that she can permissively combine a sex discrimination claim under Title VII and a sex discrimination claim under the FCRA into a single count [ECF No. 25 pp. 4–5] is incorrect. As noted in the Report, a claim for sex discrimination pursuant to Title VII and pursuant to the FCRA, are rooted in different statutes, 42 U.S.C. § 2000(e) and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10, and therefore despite their similarities, the statutes are not identical [ECF No. 24 p. 3]. "Therefore, it would be possible for a jury to find the Defendant[s] liable under one statute but not under the other. Hence, allegations arising from separate statutory authority should be contained in separate counts." *Patsalides v. City of Fort Pierce*, No. 15-14431 CIV, 2016 WL 11503007, at *2 (S.D. Fla. Aug. 12, 2016); *see also Bialek v. Delvista Towers Condo. Ass'n, Inc.*, 994 F. Supp. 2d 1277, 1281 (S.D. Fla. 2014) (dismissing complaint for combining Title VII and FCRA claims into single count). Further, the Report also correctly explains that the Amended Complaint improperly refers to "multiple theories of discrimination combined in a single count, including disparate treatment, hostile work environment, and age discrimination" [ECF No. 24 p. 4]—a determination as to which Plaintiff did not specifically object. The Court agrees with the Report that "[s]eparate legal theories of

4

discrimination must be separate[d] into different counts" [ECF No. 24 p. 4]. Because the Amended Complaint violates that rule, and because the Court already gave Plaintiff a final opportunity to submit a compliant pleading in accordance with the shotgun pleading requirements, the Court sees no basis to grant Plaintiff a further opportunity to replead—and this alone is reason sufficient to dismiss with prejudice Plaintiff's Amended Complaint.

Second, as an alternative and additional reason, the Court agrees with the Report that the two comparators identified in the Amended Complaint materially differ from Plaintiff and thus are insufficient to establish a prima facie case for sex discrimination. To prevail on a Title VII claim using circumstantial evidence, Plaintiff must, among other things, identify a comparator that is "similarly situated in all relevant respects" to Plaintiff and that was treated more favorably than Plaintiff. *Wilson*, 376 F.3d at 1091 (quotations omitted). "Although a comparator need not have the same job title as the plaintiff to be a sufficient comparator, material differences in ranks and responsibilities may render any comparison impossible." *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 793 (11th Cir. 2011). The Report concludes that the comparators identified by Plaintiff differ from Plaintiff in at least two material ways [ECF No. 24 p. 6]. First, Plaintiff and the two male comparators hold different levels of management positions [ECF No. 24 p. 6 ("[T]he comparators held executive titles of Vice President and Chief Operating Officer, whereas Plaintiff held a middle management title of Program Manager.")]. Second, the factual circumstances of the alleged affairs differ as "the comparators engaged in affairs with subordinates, whereas Plaintiff allegedly engaged in an affair with the former leader of the organization" [ECF No. 24 p. 6]. Further, the Report explains that "[t]he new leadership [of the company] may well have had legitimate business reasons—unrelated to sex discrimination—to terminate an employee who was rumored to have had an affair with the former leadership. This factor distinguishes the two comparators" [ECF No. 24 p. 6]. Upon review, the Court agrees that there are material differences

between Plaintiff and the two identified comparators. Thus, for this additional alternative reason, the Amended Complaint warrants dismissal because Plaintiff's allegations do not set forth a prima facie case for sex discrimination given Plaintiff's failure to identify similarly situated comparators in all material respects.

At bottom, the Court finds that the Report's conclusions regarding the Amended Complaint are well-reasoned and correct, and supported by both the record and established caselaw. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 24] is **ACCEPTED**.

2. Defendants' Motion to Dismiss [ECF No. 17] is **GRANTED**.

3. Plaintiff's Amended Complaint [ECF No. 14] is **DISMISSED WITH PREJUDICE**.

4. The Clerk is direct to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 15th day of June 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record